The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have requested an Attorney General opinion concerning medical treatment of city arrestees who will be incarcerated in the county jail. I am issuing the following opinion in response to your request.
Your specific question is:
 The city has no jail and has contracted with the county for incarcerating its prisoners and providing for their care and treatment. When city officers make an arrest and the arrestee is injured in the course of an arrest or is otherwise in need of medical treatment from some type of altercation and needs immediate medical attention prior to being booked into the jail, is the presenting agency responsible to the hospital for the medical expenses?
RESPONSE
It is my opinion that in a situation involving a contract between the county and the city concerning the incarceration of city prisoners by the county and providing for their care and treatment, the issue may be governed by the provisions of the contract. As an initial matter, therefore, the parties should consult the contract.
If the contract does not address the situation you have described, it is my opinion, as explained more fully below, that the city is responsible for seeing that the arrestee receives the needed medical care. The city may ultimately be able to recover this expense from the arrestee, see
A.C.A. § 12-41-505, but the city will be responsible for paying the hospital initially, if the care would not be provided otherwise.
The United States Supreme Court has held that prisoners (whether they are convicted inmates or pretrial detainees) have a constitutional right to be provided with medical care, and that a failure to provide such care can constitute a violation of the Eighth or Fourteenth Amendments to the United States Constitution. See City of Revere v. Massachusetts GeneralHospital, 463 U.S. 239 (1983); Estelle v. Gamble, 429 U.S. 97 (1976).
In City of Revere, supra, the Court addressed the question of whether a detainee's right to medical care carries with it an attendant right to payment of the cost of that care. The Court held that fundamentally, it does not. In that case, a hospital sued a municipality for the cost of medical service provided to a defendant who had been detained by the city police. The Court held that although the municipality had a constitutional duty to see that the medical care was provided to the detainee, the municipality was not constitutionally required to reimburse the hospital for that care.
However, the Court pointed out that if the only way by which a governmental entity can obtain the medical care that is needed by a detainee is to pay for it, then the governmental entity must pay. City ofRevere, 463 U.S. at 245.
Nevertheless, the Court noted that governmental entities do have various available alternatives for providing medical services without incurring financial obligations. For example, the Court pointed out, such entities can choose providers who are obligated by law to provide free medical services, or they can operate their own medical facilities. Another alternative that the Court noted is particularly pertinent to your question: The Court stated: "Nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him." City of Revere,463 U.S. at 246, n. 7.
Finally, the Court in City of Revere touched upon the matter of state law requirements. In considering the manner in which the cost of medical service provided to detainees should be allocated between providers and governmental entities, the Court stated:
 [A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law.
City of Revere, 463 U.S. at 245 (emphasis added).
Although state law explicitly provides that the county is to be responsible for providing needed services to persons who are already incarcerated in the county jail, A.C.A. § 12-51-504, it does not address the situation in which an arrestee has not yet been delivered to the jail. (Again, this issue may be addressed by the contract between the city and the county.) My predecessor opined that the county becomes responsible for the medical expenses of a detainee when the detainee is delivered into the custody of the county. Op. Att'y Gen. No. 97-006. This conclusion was based upon the statutory responsibility of the county to receive detainees who have been apprehended by law enforcement officers within the county. A.C.A. § 12-41-503. My predecessor interpreted this statutory authority to mean that the county's responsibility begins at the time the detainee is delivered to the county. I believe that this conclusion is correct, and that therefore, the city will be responsible for any fees incurred in connection with the detainee up to the time when the detainee is delivered into the custody of the county.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh